# UNITED DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

---

Elizabeth M. Mays,

               Plaintiff,

                                         Case No. 14-cv-461-slc

    v.

Grand Daddys, LLC,
Gerald Julian Morrell, and
Edward G. Kraimer, Jr.,

               Defendants

---

## DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

The Defendants, by their attorneys, The Jeff Scott Olson Law Firm, S.C., by Attorney Jeff Scott Olson, answer the Plaintiff's complaint as follows:

1. Deny that Grand Daddys LLC is a local corporation licensed to do business in Wisconsin, and affirmatively assert that it is a limited liability corporation registered to do business in Wisconsin; admit remainder of allegations in paragraph 1.

2. Lack sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 2.

3. Lack sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 3.

4. Deny allegations in paragraph 4.

5. Deny allegations in paragraph 5.

1

6.  Lack sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 6.

7.  Lack sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 7.

8.  Lack sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 8.

9.  Deny allegations in paragraph 9.

10. Deny allegations in paragraph 10.

11. Deny allegations in paragraph 11.

12. Paragraph 12 does not assert any facts and calls for a legal conclusion to which no answer is required.

13. Paragraph 13 merely reasserts previous paragraphs to which answers have already been given, so no separate answer is required.

14. Deny allegations in paragraph 14.

15. Deny allegations in paragraph 15.

16. Deny allegations in paragraph 16.

17. Deny allegations in paragraph 17.

18. Deny allegations in paragraph 18.

19. Paragraph 19 merely reasserts previous paragraphs to which answers have already been given, so no separate answer is required.

20. Deny allegations in paragraph 20.

21. Lack sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 21.

22. Deny allegations in paragraph 22.

23. Deny allegations in paragraph 23.

24. Deny allegations in paragraph 24.

25. Paragraph 25 merely reasserts previous paragraphs to which answers have already been given, so no separate answer is required.

26. Deny allegations in paragraph 26.

27. Deny allegations in paragraph 27.

28. Deny allegations in paragraph 28.

29. Deny allegations in paragraph 29.

30. Deny allegations in paragraph 30.

31. Deny allegations in paragraph 31.

32. Paragraph 32 merely reasserts previous paragraphs to which answers have already been given, so no separate answer is required.

33. Lack sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 33.

34. Lack sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 34.

35. Lack sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 35.

36. Deny allegations in paragraph 36.

37. Deny allegations in paragraph 37.

38. Paragraph 38 does not assert any facts and calls for a legal conclusion to which no answer is required; to the extent that there is any factual assertion, it is denied.

39. Deny allegations in paragraph 39.

40. Deny allegations in paragraph 40.

41. Deny allegations in paragraph 41.

## AFFIRMATIVE DEFENSES

1.      As to the individual Defendants, the complaint fails to state a claim upon which relief can be granted.

2.      Some of Plaintiff's claims are barred by the applicable statute(s) of limitations.

3.      Plaintiff may have failed to mitigate damages.

4.      The damages that Plaintiff has sustained, if any, are the result of her own wrong-doing.

5.      The claims are barred because Plaintiff, as well as any putative class member asserting the same facts as Plaintiff, would be precluded from relief on the basis of laches.

6.      The claims are barred because Plaintiff, as well as any putative class member asserting the same facts as Plaintiff, would be precluded from relief on the basis of equitable estoppel.

7.      The claims are barred because Plaintiff, as well as any putative class member asserting the same facts as Plaintiff, would be precluded from relief on the basis of Defendants' detrimental reliance on the Plaintiff's choice and demand, by word and deed, NOT to be treated or characterized as an "employee" as Plaintiff consented to, status as a lessee and/or an independent contractor and accepted the benefit of the non-employee status during the time that she may have performed, all to the detriment of Defendants.

8.      The claims are barred because Plaintiff, as well as any putative class member asserting the same facts as Plaintiff, would be precluded from relief on the basis of the "unclean hands" doctrine, and the violation of the implied covenant of good faith and fair dealing.

9.      The claims are barred because Plaintiff never conformed to the obligations or limitations required of employees.

10.     The FLSA claims are barred because Plaintiff, as well as any putative class member asserting the same facts as Plaintiff, would be precluded from relief because the FLSA does not apply to lessees or independent contractors who work for their own advantage on the premises of another, were not denied remuneration in an amount equivalent to wages required to be paid to employees, and did not perform under an arrangement which threatened fair competition.

11.     This case is not amenable to certification as a class or collective action because as the Plaintiff cannot establish ascertainability, numerosity, typicality, commonality, or adequacy of representation.

12.     Even assuming that the Plaintiff could establish a violation of FLSA and/or Wisconsin employment laws, the case is not appropriate for certification because questions of fact common to class/collective members will not predominate over questions affecting only individuals, inasmuch as separate hearings will be required to determine the circumstances and damages for each individual plaintiff.

13.     Even if some or all of the case is certified, the named Plaintiff is not well situated to adequately represent a class or collective.

## COUNTER-CLAIM

The Counter-Plaintiffs, by and through their attorneys, for their Counterclaim, state as follows:

1.     The Counter-Plaintiffs are the named Defendants in this action.

2.     The Counter-Defendants include the named Plaintiff and any "opt-in" Plaintiffs.

3.     To the extent that any individual named Defendant/Counter-Plaintiff is found to have any ownership interest sufficient to subject him to potential liability under the Plaintiffs' claims, that Defendant/Counter-Plaintiff asserts the following counterclaim.

6

4.    By this counterclaim, it is not the intention of any individual Defendant to waive his defense that he lacks the requisite relationship to the business in question to be held liable for the practices complained of.

5.    This Court has jurisdiction to adjudicate the relief sought herein pursuant to Fed. R. Civ. P. 13(a).

6.    It is the standard business practice at Grand Daddy's Gentlemen's Club (hereinafter, "the Club") to offer entertainers the opportunity to perform pursuant to a lease agreement by which the Club is paid a fee for allowing entertainers to perform, and entertainers keep the monies paid to them by customers for their performances ("dance fees").

7.    To the extent that any Counter-Defendant performed as alleged in the Complaint at the Club, by her words, deeds, and actions, she represented that she had agreed to the financial arrangement whereby she would a pay rental fee to the Club for allowing her to perform there and would be compensated by the dance fee monies paid to her by customers for her performances.

8.    To the extent that any Counter-Defendant performed as alleged at the Club, this agreement and arrangement was advantageous to Counter Defendants as it provided a venue for each Counter-Defendant to earn far more than the minimum wage provided for under the FLSA, allowed her the freedom to set her own schedule ,

and to perform at competing venues.

9.     To the extent that any Counter-Defendant performed as alleged at the Club, each Counter-Defendant set the amount of the dance fee that she charged from each patron.

10.     To the extent that any Counter-Defendant performed as alleged at the Club, patrons were permitted, but not required, to give a dancer a "tip" or "gratuity" over and above the dance fee, at the patron's discretion.

11.     To the extent that any Counter-Defendant performed as alleged at the Club, she collected dance fees far in excess of minimum wage, exclusive of "tips."

12.     To the extent that any Counter-Defendant performed as alleged at the Club, she adopted a pattern and practice of non-employee conduct, and, by way of example only, she: (a) set the price of, collected, and retained dance fees from dance performances; (b) collected tips which she did not report to Counter-Plaintiffs; (c) selected if, when, where and for whom she would perform; (d) selected the dates and times of work without control by Counter-Plaintiffs or any employees of the Club; (e) did not clock in or out as an employee or perform employee-services for Counter-Plaintiffs, such as waitressing or bartending duties, or act in any capacity outside that of a professional entertainer; and (f) was not subject to federal or state tax withholding; all of which constitutes conduct unlike that required of the Club's employees.

13.   Counter-Defendants now seek to: (a) repudiate the agreement under

which they earned money for their performances; (b) retain all monies which they earned as dance fees, and they seek to be awarded an hourly wage in addition to the substantial dance fees retained under the terms of the agreement described above.

14.    If Counter-Defendants performed as alleged at the Club, at all times, Counter-Plaintiffs abided by the terms of the parties' agreement and fully performed their obligations thereunder, including permitting Counter-Defendants to retain all the money generated from the dance sales, as well as conceding to Counter-Defendants important controls that Counter-Plaintiffs would otherwise have reserved for themselves,  including setting mandatory schedules with no input from the performers, selecting  patrons  for  whom  Counter-Defendants  would perform, restricting Counter-Plaintiffs' performing at competitor clubs, requiring the wearing of costumes of the Counter-Plaintiffs' choice, and requiring duties and obligations other than dancing and performing.

<u>BREACH OF AGREEMENT-OFFSET DAMAGES</u>

15.    Based on the facts set forth above, Counter-Plaintiffs assert that to the extent that they may be required to compensate Counter-Defendants on an hourly basis, contrary to what was originally agreed upon, equity and fairness require that such amounts be offset by the dance fees which each Counter-Defendant received and retained.

16.    Those who ran the Club allowed performers to keep such dance fees

because performers were not otherwise compensated, and they paid a fee to perform at the venue.

17.    To the extent that those performers now seek to revise the arrangement under which they received compensation, they are required to offset damages received by monies that they received under the prior arrangement.

18.    As a direct and proximate result of the repudiation of the arrangement by Counter- Defendants, Counter-Plaintiffs have been damaged and are entitled to a monetary offset against any liability arising from Counter-Defendants' claims so that Counter-Plaintiffs are entitled to an award of damages against the Counter- Defendants, in an amount equal to the proceeds from dance sales (not tips) retained by those performers as a result of their performing at the Club.

UNJUST ENRICHMENT- OFFSET (Alternatively)

19. If Counter-Defendants are successful in their claims that they should receive additional monies as alleged in the Amended Complaint, Counter-Defendants will be unjustly enriched by receiving both wages *and* dance fees collected by Counter-Defendants under the terms of the parties' agreements in addition to having received non-monetary benefits associated with their status as a non-employee tenants.

20.  If Counter-Defendants prevail in their claims, they will have obtained the full benefit of using the Club's facilities, personnel, advertising, good-will, and all  other

assets of the Club to generate revenue and will simultaneously retain all such revenue, specifically dance fees and tips generated from their performances, in addition to wages and other employee benefits, while Counter-Plaintiffs will retain no benefit from Counter-Defendants' use of Counter-Plaintiffs' assets and labor and the dance sales generated thereby, and Counter- Defendants will thus be unjustly enriched by their actions.

21.  Counter-Plaintiffs are entitled to an award of all dance fees (exclusive of tips) retained by Counter-Defendants as a result of their performing at the Club to offset against any award of wages or other accoutrements of employment to which Counter-Defendants claim to be entitled.

### PRAYER FOR RELIEF

WHEREFORE, Counter-Plaintiffs pray for Judgment against Counter-Defendants as follows:

a.  For a set-off of all dance fees retained by Counter-Defendant as against any award of wages or other accouterments of employment to which Counter-Defendants are found entitled;

b.  For an accounting of all entertainment fees and a valuation of all benefits derived by Counter-Defendants from Counter-Plaintiffs;

c.  For the costs of suit including reasonable attorneys' fees; and

d.  For such other relief as the Court may deem just and proper

Dated this Wednesday, October 08, 2014.

Respectfully submitted,

Grand Daddys, LLC, Gerald Morrell, and Edward G.
Kraimer, Jr.,  Defendants,

By

THE JEFF SCOTT OLSON LAW FIRM, S.C.
JEFF SCOTT OLSON
State Bar No. 1016284
131 W. Wilson St., Suite 1200
Madison, WI 53703
Phone:          (608) 283-6001
Facsimile:      (608) 283-0920
E-mail:          jsolson@scofflaw.com


/s/ Jeff Scott Olson
_____

Jeff Scott Olson
ATTORNEYS FOR DEFENDANTS

---

**Certificate of Service**

I hereby certify that on Wednesday, October 08, 2014, I electronically filed the foregoing

with the Clerk of the Court using the ECF system which will send notification of such

filing to the following: Timothy J. Burnett and Paul A. Kinne, and I hereby certify that I

have mailed by United States Postal Service the document to the following non ECF

participants: none.

_____/s/ Jeff Scott Olson_____