IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ELIZABETH MAYS
and all others similarly situated,

OPINION AND ORDER

Plaintiffs,

v.

14-cv-461-slc

GRAND DADDY'S, LLC., *et al.*,

Defendants.

---

Plaintiff Elizabeth Mays initially filed this hybrid collective action under the Fair Labor Standards Act (FLSA) and state law class action under Wisconsin's wage and hour laws in the Circuit Court for Marathon County, Wisconsin. After defendants Grand Daddy's, LLC, Gerald Julian Morrell and Edward Kramer, Jr. removed the case to this court, Mays filed an amended complaint, alleging state law and FLSA claims for unpaid wages, unpaid overtime and unlawful tip pooling and deductions, and state law claims for conversion and unjust enrichment. After Mays filed her amended complaint but before she moved for class certification, defendants tendered an offer of judgment under Fed. R. Civ. P. 68, which Mays rejected.

Relying on the U.S. Supreme Court's opinion in *Genesis Healthcare Corp. v. Symczyk*, ___ U.S. ___, 133 S. Ct. 1523 (2013), and various Seventh Circuit opinions, defendants have moved to dismiss Mays's case pursuant to Fed. R. Civ. P. 12(b)(1), arguing that this court lacks subject matter jurisdiction because Mays's claims have been rendered moot by defendants' offer of judgment. Dkt. 11. Mays responds that her case is not moot because defendants did not clearly offer full relief on all of her claims, and even if they did, the existence of other opt-in plaintiffs in the collective action prevents a finding of mootness. Also before the court is Mays's motion

to stay briefing and ruling on her motion for class certification under Rule 23 until discovery can be completed. Dkt. 19.

Because I conclude that defendants have failed to offer Mays complete relief on her claims, defendants' motion to dismiss will be denied and it is unnecessary to address the parties' arguments concerning mootness. Mays's motion to stay briefing on her motion for class certification under Rule 23 will be granted.

BACKGROUND

On October 8, 2014, Mays filed an amended complaint, dkt. 7, alleging the following:

Defendants hired Mays and other similarly situated individuals to work in Grand Daddy's Gentleman's Club as entertainers whose primary duties include dancing on stage, selling drinks to customers and performing personal dances for customers. Defendants refused to pay the dancers an hourly wage rate or compensate them for overtime hours. They required the dancers to abide by a series of rules and policies, and if a dancer violated any of these rules or otherwise exhibited conduct that defendants found unacceptable, defendants fined the dancer by withholding a portion of the money that she earned while working at the club. Defendants also required the dancers to pay the disc jockeys for each song played during a stage dance; pay a "tip out" fee to bartenders, DJs and other club employees; and pay the club a portion of their tips.

Mays's complaint included class allegations under the FLSA, 29 U.S.C. § 201 *et seq.*, and Wisconsin law pursuant to Fed. R. Civ. P. 23. Specifically, Mays accused defendants of violating federal and state wage and overtime laws (29 U.S.C. §§ 206(a), 207(a) and 255(a); Wis. Stat.

§§ 104.02 and 109.03; and Wis. Admin. Code DWD §§ 272.03 and 272.12), unlawful tip pooling and deductions under the FLSA and Wis. Stat. § 103.455, and common law conversion and unjust enrichment. For relief, Mays demanded judgment against defendants for unpaid wages and overtime compensation, interest on the unpaid back wages, an incentive award for Mays for serving as a class representative, liquidated and punitive damages,[1] reasonable costs and attorney's fees.

On October 9, 2014, Mays disclosed the following to defendants pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii):

> Ms. Mays has brought this lawsuit as a class/collective action. Damages related to the entire potential class are uncertain and based upon information in the defendant's possession and/or still being discovered. Ms. May's (sic) own discrete damages include:
>
> 1. Back Wages of $696.00.
> 2. Overtime of $65.25.
> 3. Liquidated Damages: $761.25.
> 4. Improper deductions: $2,096.00.
>
> Ms. Mays will be entitled to her costs and expenses, including reasonable attorneys' fees, as well as incentive pay in her role as class representative. She is also seeking punitive damages, and any other relief deemed just and equitable.
>
> Dkt. 13, exh. 1.

On October 14, 2014, defendants served on Mays's counsel the following offer of judgment pursuant to Fed. R. Civ. P. 68:

> The Defendants, by their attorneys, the Jeff Scott Olson Law Firm, S.C., by Attorney Jeff Scott Olson, pursuant to Rule 68, F. R. Civ.

---

[1] Under the FLSA, employees are entitled to liquidated damages in the amount of their unpaid minimum and overtime wages. 29 U.S.C. §§ 216, 260. Wis. Stat. § 109.11(2)(a) also provides for liquidated damages up to 50% of the amount of the unpaid wages.

3

>   P, hereby offer to allow entry of judgment against them by the Plaintiff Elizabeth Mays as follows:
>
>   1.  A judgment in favor of Plaintiff Elizabeth Mays against all Defendants, jointly and severally, as payment of the following amounts:
>
>   $ 696.00 for back wages
>       65.25 for overtime pay
>     761.25 for liquidated damages
>    2096.00 for improper deductions
>    3618.50 for punitive damages
>
>   for a total judgment of $ 7237.00
>
>   2.  Judgment in favor of Plaintiff Elizabeth Mays against all Defendants, jointly and severally, in the amount of Ms. Mays's costs incurred from the initiation of her representation through the entry of judgment, including whatever attorney's fees the Court deems reasonable, and
>
>   3.  Judgment against the Defendants jointly and severally enjoining them from failing to pay dancer employees minimum wage as required by law and requiring them to observe statutorily mandated posting provisions regarding wage and hour laws.
>
>   Dkt. 13, exh. 2.

The document also stated that to accept the offer, Mays must serve written notice of acceptance within 14 days, or by October 28, 2014. Because Mays did not respond to the offer within 14 days, defendants filed a motion to dismiss the complaint on October 29, 2014. Dkt. 11.

On November 19, 2014, Mays moved for class certification under Rule 23 and the parties stipulated to conditional certification of the FLSA collective action. Dkts. 17 and 18.

OPINION

## I. Legal Standards

When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the non-movant, but it may also "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003). When a complaint is formally sufficient but a contention is made that the court lacks subject-matter jurisdiction, the movant may use affidavits and other material to support its motion. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

Under Seventh Circuit case law, "an unaccepted settlement offer can render the plaintiff's case moot if it gives the plaintiff everything she requested." *Scott v. Westlake Servs. LLC*, 740 F.3d 1124, 1126 (7th Cir. 2014) (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 895 (7th Cir. 2011); *Gates v. City of Chicago*, 623 F.3d 389, 413 (2010)). The rationale behind the rule is that "[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." *Damasco*, 662 F.3d at 895 (quoting *Rand v. Monsanto Co.*, 926 F.2d 596, 597–98 (7th Cir. 1991)). However, "[t]he plaintiff's stake is negated only if no additional relief is possible." *Scott*, 740 F.3d at 1126.

Because the consequences are so great for plaintiffs, Rule 68(a) requires the offer to include "specified terms." To this end, the Court of Appeals for the Seventh Circuit has cautioned defendants to "be specific and clear in their offers" because "[a]ny ambiguities will be

resolved against them." *Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 690 (7th Cir. 2013) (finding defendant bore burden of silence and ambiguity concerning attorney fees).

## II. Defendants' Offer

Mays contends that defendants' Rule 68 offer was ambiguous because it did not identify which claims defendants were offering to settle and was incomplete because it did not include damages plus interest for the value of her property, incentive pay for serving as a class representative or twice the amount that defendants deducted from her wages. Except with respect to incentive pay, Mays is correct.[2] Although defendants state in their reply brief that their offer "was to submit to judgment for everything that Plaintiff had asserted, all claims, all damages sought, all injunctive relief sought," dkt. 25 at 4, they failed to clarify this in their offer, stating only that judgment should be entered against them with respect to back wages, overtime pay, liquidated damages, improper deductions, punitive damages, and costs and attorney's fees. As Mays points out, she also would be entitled to recover damages amounting to the value of the property plus interest to the date of trial if she prevailed on her conversion claim, *Production Credit Association of Madison v. Nowatzski*, 90 Wis. 2d 344, 354, 280 N.W.2d 118, 123 (1979), and twice the amount of the deductions taken from her wages under Wis. Stat. § 103.455. The offer did not include either interest or double the amount of the wage deductions.

In their reply brief, defendants point out that they offered exactly what Mays identified in her Rule 26 disclosures and assert that they are entitled to rely on those disclosures in crafting an offer of judgment. There are some problems with this argument. First, regardless of what

---

[2] At the time of the Rule 68 offer, Mays was not a class representative because no class or collective action had been certified. Therefore, Mays was not entitled to incentive pay.

Mays disclosed as damages, defendants still failed to make clear what claims they were seeking to settle. Second, defendants have not cited any legal authority in support of their argument that in determining whether an offer of judgment moots their claims under *Damasco*, courts must limit plaintiffs to the calculations that they initially disclose as damages under Rule 26, as opposed to the relief they seek in their complaints. In fact, it is not uncommon for courts look to a plaintiff's complaint in determining whether a Rule 68 offer is sufficient. *See, e.g.*, *C & K Trucking, LLC v. Am. Global Logistics, LLC*, 2014 WL 6613334, at *2 (N.D. Ill. Nov. 20, 2014); *Gonon v. Allied Interstate, LLC*, 286 F.R.D. 405, 407 (S.D. Ind. 2012).

Addressing a similar situation, the Southern District of Ohio found that applying such a "*de facto* estoppel" to Rule 26(a)(1)(A)(iii) disclosures would conflict with the discovery process itself. *Evenson v. Palisades Collection, LLC*, 2014 WL 5089429, at *4 (S.D. Ohio Oct. 9, 2014). I agree. Mays indicated in her Rule 26 disclosures that in addition to the specified amounts, she was seeking any other relief "deemed just and equitable" and would be conducting discovery to further determine the extent of her damages. Rule 26 anticipates this and requires parties to supplement their initial disclosures as more information becomes available to them. *See* Rule 26(e)(1). "A Rule 26(a)(1)(A)(iii) statement is, by the express language of that Rule, an 'initial disclosure.'" *Evenson*, 2014 WL 5089429 at *4. Because this case is only in its initial stages and discovery does not close for over a year, Mays arguably could supplement her initial disclosure statement before the cut-off date to further clarify her monetary demands. *Id.*

Compliance with Rule 26 is enforced through Rule 37, which provides that a party who, without substantial justification, fails to disclose information required by Rule 26(a) is not permitted to use the information as evidence at trial unless such failure is harmless. A court has broad discretion in determining whether a Rule 26(a) violation is justified or harmless, and the

7

Seventh Circuit has indicated that the following factors should guide the decision: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). However, "dismissal with prejudice is an extreme sanction that should be used only as a last resort in situations where the noncomplying party displayed willfulness, bad faith, or fault." *Robinson v. Champaign Unit 4 Sch. Dist.*, 412 Fed. Appx. 873, 877 (7th Cir. 2011) (internal citations omitted).

Even considering the above factors, defendants have not shown that Mays should be prevented from seeking damages in addition to what she specifically identified in her initial disclosures. Mays substantially complied with Rule 26 by identifying the amount of back wages and deductions that she was seeking and she did not exhibit willfulness or bad faith. The fact that Mays is seeking interest and double deductions as damages should not have come as a surprise to defendants because she clearly identified those categories of damages in her amended complaint. Although Mays did not spell out exact amounts for those items, "the absence of an actual computation has been held harmless where the method of computation is straightforward and obvious." *Khorrami v. Mueller*, 2014 WL 47059, at *4 (E.D. Wis. Jan. 6, 2014) (citing *Compak Co., LLC v. Johnson*, 2011 WL 1654269, at *17 (N.D. Ill. Apr.28, 2011) (a detailed damages computation may not be necessary when the defendant is able to make the computation itself)). Neither the interest nor double deduction computation was so complex that defendants were prejudiced by Mays's lack of disclosure. *Id.* (citing *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) (damages computation is especially necessary when plaintiff seeks complex damages such as lost profits)). Here, defendants easily could have

8

determined what Mays would be entitled to under § 103.455 by multiplying the amount of her deductions by two. With respect to interest, they could have made further inquiries of Mays or otherwise accounted for this item in their offer of judgment. Because defendants bear the burden of developing a complete and clear offer of judgment and failed to do so, their motion to dismiss Mays's complaint as moot will be denied.

### III. Motion to Stay

Defendants object to Mays's motion to stay briefing on the motion for class certification, noting that "[t]he standard procedure in this district is to require brief and proposed findings to be filed contemporaneously with a motion." Dkt. 26 at 2. Although it is usual practice to file a supporting brief contemporaneously with a motion, this case poses a special case. Mays filed her motion for class certification to avoid any future problems with a complete offer of relief mooting her claims; because the motion was filed so early, she sought to stay briefing until she could conduct necessary discovery. The Seventh Circuit has instructed class action plaintiffs that this practice serves as "[a] simple solution to the buy-off problem." *Damasco*, 662 F.3d at 896. "The pendency of [the motion for class certification] protects a putative class from attempts to buy off the named plaintiffs," and "[i]f the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation." *Id.* (noting Fed. R. Civ. P. 56(d) allows stays to complete discovery before summary judgment). As a result, I am granting Mays's motion to stay briefing on the motion for class certification.

ORDER

IT IS ORDERED that

(1) Defendants' motion to dismiss this lawsuit for lack of subject matter jurisdiction, dkt. 11, is DENIED.

(2) Plaintiff Elizabeth Mays's motion to stay briefing and ruling on her motion for class certification, dkt. 19, is GRANTED.

Entered this 5th day of January, 2015.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge